IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,512-01






EX PARTE RONNIE NEAL









ON UNOPPOSED MOTION FOR LEAVE TO FILE SKELETAL WRIT TO
TOLL RUNNING OF FEDERAL STATUTE IN CAUSE NO. 2005-CR-0698

IN THE 226TH JUDICIAL DISTRICT COURT

BEXAR COUNTY





 Per Curiam. 


O R D E R



 Before us is applicant's motion for leave to file a skeletal application for writ of
habeas corpus pursuant to the provisions of Texas Code of Criminal Procedure Article
11.071. (1) The purpose of the motion is to provide him a vehicle by which he can effectively
toll the running of the federal statute of limitations without restricting his ability to later file,
within the appropriate time period, a fully developed application that will still be considered
applicant's initial, and not a successor, application.

 On May 1, 2006, the trial court appointed counsel to represent applicant in Article
11.071 post-conviction writ of habeas corpus proceedings. On November 26, 2007, the State
filed in this Court its brief on applicant's direct appeal. Pursuant to Article 11.071, § 4(a),
counsel should have filed applicant's application for writ of habeas corpus in the convicting
court no later than January 10, 2008, or by April 9, 2008, had a motion for extension been
timely filed and granted. Art. 11.071, § 4(b). However, counsel failed to timely file an
application on applicant's behalf. Consequently, on October 1, 2008, this Court held that
counsel in contempt, relieved her of her responsibilities in the case, and appointed new
counsel. New counsel was ordered to file an application for writ of habeas corpus "on or
before the 270th day from the date of [that] order." Ex parte Neal, No. WR-70,512-01 (Tex.
Crim. App. Oct. 1, 2008)(not designated for publication).

 When the opinion in applicant's direct appeal was handed down on June 18, 2008, and
the United States Supreme Court denied certiorari on January 26, 2009, the federal statute
of limitations began to run in applicant's case. By the motion currently before us, applicant
does not assert that he needs more time in which to file his application; he simply wants to
toll the federal statute of limitations while preserving his right to timely supplement his filing
without risk that it will be deemed a subsequent application. In light of these facts, we grant
applicant's motion to file a skeletal application in the trial court. Any supplemental or
amended application filed "on or before the 270th day from the date of [our October 1, 2008]
order" shall be deemed an initial, and not a successor or subsequent, application. Further,
the actions and time frames set out in Article 11.071, § 6, et seq., shall be triggered by the
timely filing of the amended or supplemental application and not by the filing of the skeletal
application. 

 IT IS SO ORDERED THIS THE 25TH DAY OF FEBRUARY, 2009.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of Criminal
Procedure.